**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EPLUS TECHNOLOGY, INC., ) | |
| 13595 Dulles Technology Drive ) | |
| Herndon, VA  20171 ) | |
| ) | |
|      Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:26-cv-744 (MAD/DJS) |
| ) | |
| ORI INDUSTRIES INC., ) | |
| 187 Wolf Road, Suite 101 ) | |
| Albany, NY  12205 ) | |
| ) | |
|      Defendant. ) | |

## COMPLAINT

The plaintiff, ePlus Technology, inc. ("ePlus"), by counsel, for its complaint against the defendant, ORI Industries Inc. ("ORI") states:

### Parties

1.     ePlus is a Virginia corporation with its principal place of business located in Virginia.

2.     Upon information and belief, at the time of the filing of this action and at all relevant times hereto, ORI is and has been a Delaware corporation with its principal place of business in the State of New York or in the United Kingdom.

### Jurisdiction and Venue

3.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, or alternatively is between the citizen of a State and a subject of a foreign state.

4. ORI is subject to personal jurisdiction in this Court pursuant to CPLR 302 because ORI is domiciled in New York, and because with respect to the causes of action herein, ORI transacted business within New York.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(1) and (2), because ORI resides in this district, and a substantial part of the events giving rise to these claims occurred in this district.

Factual Allegations

6. ePlus is a substantial reseller of technology services and services related thereto, primarily meeting the needs of large information technology users.

7. ORI is a company which, upon information and belief, provides artificial intelligence and cloud infrastructure services.

8. On or about March 12, 2025, ORI issued a purchase order numbered PO-0243 (the "Purchase Order") to ePlus with respect to an order for various Juniper Networks firewall components and ancillary devices, and for services associated with the installation and maintenance thereof. A true and correct copy of the of the Purchase Order is adopted herein and attached hereto as Exhibit A.

9. Because the services associated with the installation and maintenance of the purchased equipment required a separate agreement, ePlus prepared, and ORI agreed to, a Statement of Work and Bulk Services Agreement numbered BSA-160785 and dated as of March 24, 2025 (the "SOW"). A true and correct copy of the of the SOW is adopted herein and attached hereto as Exhibit B.

-2-

10.     ePlus thereafter delivered to ORI some of the products and performed services described in the Purchase Order and the SOW, as and when requested by ORI.

11.     After delivery of the products requested by ORI, and completion of performance of the services requested by ORI, ePlus sent to ORI invoices for the products and services, as follows:

| Inv. No. | Date | Amount |
|---|---|---|
| V2951835 | 03/26/2025 | $77,240.16 |
| V2952087 | 03/27/2025 | $77,376.65 |
| V2985295 | 06/26/2025 | $33,757.50 |

(the "Invoices"). True and correct copies of the Invoices are adopted herein and attached hereto as Exhibits C, D, and E, respectively.

12.     Payment of each of the Invoices was required to be made within 30 days after the date of the relevant invoice.

13.     More than 30 days have elapsed from the date of each of the Invoices, and ORI has not paid any of the Invoices.

### COUNT 1
(Breach of Contract)

14.     The allegations contained in paragraphs 1 through 13, *supra*, are incorporated herein as if fully set forth.

15.     The Purchase Order, SOW, and Invoices together constitute binding contracts by and between ePlus and ORI.

16.     ePlus fulfilled all of its obligations under the Purchase Order and the SOW, and delivered all goods and performed all services reflected in the Invoices.

17.     Despite notice and demand therefor, ORI has failed to pay the Invoices.

18.     ORI's failures to pay ePlus the amounts owed under the Invoices constitute material breaches of contract.

19.     As a result of ORI's failure to pay the amounts due, ePlus was and continues to be damaged in the principal amount of $188,374.31, plus prejudgment and post-judgment interest, plus ePlus' costs.

### **COUNT 2**
(Unjust Enrichment)
*Pleaded in the Alternative to Count 1*

20.     The allegations contained in paragraphs 1 through 7, 10, 11, and 17, *supra*, are incorporated herein as if fully set forth.

21.     ePlus delivered to ORI various goods, and performed for ORI various services, as reflected in the Invoices, at ORI's request.

22.     ePlus issued and delivered to ORI the Invoices for the goods delivered and the services performed.

23.     ePlus conferred a benefit on ORI by delivering goods and performing services for ORI, as reflected in the Invoices, valued at $188,374.31.

24.     ORI received and retained the benefit of the goods and services and should reasonably have understood, and actually did understand, that ePlus expected to receive payment of $188,374.31 for the goods and services.

25.     ORI has not paid ePlus the $188,374.31 requested, nor has ORI provided anything of value to ePlus in exchange for the goods and services.

-5-

26.     ORI should in fairness and equity pay ePlus the amount by which it was unjustly enriched, plus the interest that has accrued on the outstanding balance thereon to date.

WHEREFORE, ePlus respectfully requests that the Court enter judgment in its favor, and against ORI, in the principal amount of $188,374.31, plus prejudgment and post-judgment interest, plus ePlus' costs.

Respectfully submitted,


 /s/  Timothy B. Hyland
Timothy B. Hyland
New York Bar No. 5434493
Counsel for ePlus Technology, inc.
HYLAND LAW PLLC
745 Fifth Avenue, Suite 500
New York, NY  10151
Tel.:   (703) 552-4733
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com